## B. F. Ginley & Sons v. McDonald.

*Practice, C. P.—Amendment—Statement—Replevin.*
1. In an action of replevin, a new cause of action may be introduced unless it is barred by the statute of limitations.

*Practice, C. P.—Pleadings—Statement of claim—Lost instrument—Act of April 19, 1901.*
2. Where a written instrument has been lost and the plaintiff is not able to attach a copy of it to his statement of claim, as provided by the Act of April 19, 1901, P. L. 88, it is sufficient if he sets out in his statement the substance of the lost instrument.

Rule to amend statement of claim. C. P. Schuylkill Co., Sept. T., 1920, No. 215.

*H. A. Haag* and *J. A. Noecker,* for plaintiffs.

*M. M. Burke, P. H. Burke* and *J. F. Minogue,* for defendant.

BERGER, J., Feb. 27, 1922.—The plaintiffs brought an action of replevin against the defendant and filed their statement, to which the defendant has filed an affidavit of defence. After the case had been reached for trial and the jury had been sworn, on application of the plaintiffs, a juror was withdrawn and the case continued for the purpose of enabling them to amend their declaration. Subsequently, a petition for leave to amend was filed by the plaintiffs, upon which a rule to show cause issued upon the defendant, whereupon she filed an answer to the petition. The matters of fact set up in the answer need not be considered, since the defendant at the argument rested her objection to the allowance of the amendment upon the legal grounds set out in the answer, thus:

"Respondent says further and generally, in answer, that she is informed, believes, and therefore avers, plaintiffs are not entitled to have filed the amended statement prayed for and attached to the petition, because *(a)* same introduces a new basis of action, or new cause of action, to wit, a new additional lease or title paper therein referred to; and *(b)* because in this action of replevin for recovery of personalty the written title paper, or lease, must appear as part of the statement of claim, either the original or proved copy thereof.

"Wherefore respondent prays that the rule be discharged, with costs, etc."

In our opinion, the amendment proposed, if allowed, introduces no new cause of action. The ground of action is the wrongful detention of personal property belonging to the plaintiffs by the defendant. Besides, a new cause of action may be introduced unless it is barred by the statute of limitations. No such bar exists in this case. This disposes of the first objection to the allowance of the amendment.

It is true, as the defendant contends, that the plaintiffs' declaration, in conformity with the requirements of the 4th section of the Act of April 19, 1901, P. L. 88, should contain a copy of the written instruments upon which the title to their property depends, namely, the leases between the plaintiffs and the defendant. The plaintiffs explain their failure to set out the leases in the declaration by an allegation of their loss and a statement of their essential substance. It is a general rule of pleading, applicable to all actions upon lost instruments, that it is sufficient if the substance of the lost instrument is set out. This the plaintiffs have done. For the reasons stated, the rule to amend will be made absolute.

And now, Feb. 27, 1922, rule absolute, and amendment allowed as prayed for.